United States District Court
For the Northern District of California

1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   CARDELL VAN MATHIS,                         No. C 07-3498 WHA (PR)

11                 Plaintiff,                    **ORDER OF SERVICE**

12      v.

13   Deputy GRABER; Deputy D.
     FRELIGH #1818; Deputy MENDEZ
14   #1731; S. SAMATOTES #1871; M.
     ROACH # 1870; Sergeant R. LACER
15   #1669; Lieutenant KENNEDY #1820;
     Lieutenant LEWIS #826; DE LA
16   CRUZ, #292; Sergeant MOLLOY;
     Deputy POYNTER #1869; LYNN
17   BOWERS, RN; DR. CAMPOS,,

18                 Defendants.
                                          /
19

20         Plaintiff, formerly an inmate at the Santa Rita County Jail in Alameda County, has filed

21   a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in

22   forma pauperis.

23                                **DISCUSSION**

24   **A.    STANDARD OF REVIEW**

25         Federal courts must engage in a preliminary screening of cases in which prisoners seek

26   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

28   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

United States District Court

For the Northern District of California

1  monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro

2  se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

3  (9th Cir. 1990).

4        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

6  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

7  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

8  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

9  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

10  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

11  do. . . . Factual allegations must be enough to raise a right to relief above the speculative

12  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A

13  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

14  at 1986-87.

15        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

17  that the alleged deprivation was committed by a person acting under the color of state law.

18  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.**    **LEGAL CLAIMS**

20        1. Plaintiff contends that defendant Bowers, a nurse, scheduled him for physical therapy

21  and prescribed pain medication, although he had not seen a doctor. Under some circumstances

22  this might be negligence, but it is not deliberate indifference to a serious medical need. *See*

23  *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (claim of medical malpractice or

24  negligence is insufficient to make out a violation of the Eighth Amendment). This claim will be

25  dismissed.

26        2. Plaintiff contends that after defendant Dr. Campos had written an order for him to be

27  given pain medication and his personal shoes (he has flat feet), defendants Freligh and Mendez

28

2

United States District Court

For the Northern District of California

1   would not give him his personal shoes, and that Freligh and Bowers forged Campos' signature

2   on a new order denying plaintiff his personal shoes.  As this claim involves a doctor's order that

3   was not carried out, it is sufficient to proceed as to Freligh and Bowers.  This is the only

4   allegation against Dr. Campos, and clearly it is not sufficient to state a claim against him.

5          3.  Plaintiff also contends that Bowers and Freligh retaliated against him for writing

6   grievances against them.  He says that Freligh wrote a false disciplinary report against him

7   "soon" after the grievance, and that Bowers threatened him, saying she was doing so as a result

8   of the grievances.  This is sufficient to proceed.

9          4.  Plaintiff contends that defendant Samatotes acted as a rules violation hearing officer

10  and violated plaintiff's rights by not allowing him to call witnesses, that defendant Roach

11  botched the service of the rules violation notice, and that defendant Dela Cruz served him with

12  the notice that he had been found guilty.  The only punishment imposed was a twenty-one day

13  loss of privileges.  This is not sufficient to constitute an atypical condition of confinement, and

14  thus plaintiff had no due process rights in connection with the hearing.  *See Sandin v. Conner*,

15  515 U.S. 472, 477-87 (1995) .  His claims as to the hearing thus will be dismissed.

16         5.  Plaintiff alleges that on May 1, 2007, he was assaulted and beaten by two deputies

17  for taking two lunches.  He says that one of them was defendant Grabber, but he did not

18  recognize the other.  This claim is not properly joined with the others pursuant to Rules 18(a)

19  and 20(a) of the Federal Rules of Civil Procedure.

20         Rule 20(a) provides that persons may be joined as defendants if there is asserted

21  "against them jointly, severally, or in the alternative, any right to relief in respect of or arising

22  out of the same transaction, occurrence, or series of transactions or occurrences and if any

23  question of law or fact common to all defendants will arise in the action."  Fed. R.Civ.P. 20(a).

24  Given that this claim and the previous ones are completely distinct factually, the requirements

25  of Rule 20(a) quoted above have not been met, and because each claim is alleged against

26  different defendants, the provision of rule 18(a) that a party may assert as many claims as he or

27  she has against a particular defendant does not apply.  To remedy this defect, the Court will

28  dismiss this claim and the defendants against whom it is asserts, Deputy Grabber.  The

3

United States District Court

For the Northern District of California

1   dismissal will be without prejudice to plaintiff filing a new separate lawsuit raising the claim.

2       6. Plaintiff contends that defendants Mollay and Lewis gave false answers to his

3   grievances.  This is not sufficient to state a claim against them.  *See Flick v. Alba*, 932 F.2d 728

4   (8th Cir. 1991) (although there certainly is a right to petition government for redress of

5   grievances (a First Amendment Right), there is no right to a response or any particular action).

6   This claim will be dismissed.

7       7. Plaintiff contends that Mendez almost stole a gold tooth from him.  This claim is

8   frivolous.

9                           **CONCLUSION**

10      1. Claim 1, claim 2 as to Campos, and claims 4 thorugh 7 are **DISMISSED**.  The only

11  remaining defendants thus are Bowers and Freligh; the other defendants are **DISMISSED** from

12  the case.

13      2. The clerk shall issue summons and the United States Marshal shall serve, without

14  prepayment of fees, copies of the complaint in this matter and copies of this order upon the

15  following defendants: D. Freligh #1818 and Lynn Bowers, RN.  Plaintiff states that these

16  defendants can be found at the Alameda County Jail, Santa Rita Facility.

17      2. In order to expedite the resolution of this case, the court orders as follows:

18          a. No later than sixty days from the date of service, defendants shall file a

19  motion for summary judgment or other dispositive motion.  The motion shall be supported by

20  adequate factual documentation and shall conform in all respects to Federal Rule of Civil

21  Procedure 56, and shall include as exhibits all records and incident reports stemming from the

22  events at issue.  If defendants are of the opinion that this case cannot be resolved by summary

23  judgment, they shall so inform the court prior to the date their summary judgment motion is

24  due.  All papers filed with the court shall be promptly served on the plaintiff.

25          b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

26  court and served upon defendants no later than thirty days from the date of service of the

27  motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

28  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

4

**United States District Court**
For the Northern District of California

1    and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

2        If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

3    exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

4    should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

5    which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

6    *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

7            c. If defendants wish to file a reply brief, they shall do so no later than fifteen

8    days after the date of service of the opposition.

9            d. The motion shall be deemed submitted as of the date the reply brief is due.

10   No hearing will be held on the motion unless the court so orders at a later date.

11       3. All communications by the plaintiff with the court must be served on defendants, or

12   defendants' counsel once counsel has been designated, by mailing a true copy of the document

13   to defendants or defendants' counsel.

14       4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

15   informed of any change of address and must comply with the court's orders in a timely fashion.

16   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

17   Federal Rule of Civil Procedure 41(b).

18   **IT IS SO ORDERED.**

19

20   Dated: April ___3___, 2008.

         WILLIAM ALSUP
21       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28   G:\PRO-SE\WHA\CR.07\VANMATHIS3498.SRV.wpd

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING**

**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.