United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL VAN MATHIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Deputy GRABER; Deputy D. FRELIGH #1818; Deputy MENDEZ #1731; S. SAMATOTES #1871; M. ROACH # 1870; Sergeant R. LACER #1669; Lieutenant KENNEDY #1820; Lieutenant LEWIS #826; DE LA CRUZ, #292; Sergeant MOLLOY; Deputy POYNTER #1869; LYNN BOWERS, RN; DR. CAMPOS,,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 07-3498 WHA (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND; ORDER REGARDING SERVICE** |

  Plaintiff, formerly an inmate at the Santa Rita County Jail in Alameda County, filed a pro se civil rights complaint under 42 U.S.C. § 1983. In the initial review order most of the claims were dismissed, but service was ordered on Bowers and Freligh. Plaintiff has filed a motion for leave to amend to add claims against two new defendants, Kidwell and Zarham.

### DISCUSSION

**A.  MOTION FOR LEAVE TO AMEND**

  Plaintiff asks leave to amend to add a claim against two new defendants arising out of events unrelated to those giving rise to the existing claims against Bowers and Freligh. Because the claims plaintiff seeks to add arose after the complaint was filed, the motion technically is for

leave to file a supplemental pleading, rather than an amendment. *See* Fed. R. Civ. P. 15(d) (court may permit party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."). While leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).

The claims plaintiff seeks to add involve incidents completely separate from those giving rise to the claims against Bowers and Freligh and are against different defendants. Furthermore, the proposed claims would not be properly joined with the others pursuant to Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.

Rule 20(a) provides that persons may be joined as defendants if there is asserted "against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R.Civ.P. 20(a). Given that the proposed claims and those against Bowers and Freligh are completely distinct factually, the requirements of Rule 20(a) quoted above have not been met, and because each claim is alleged against different defendants, the provision of rule 18(a) that a party may assert as many claims as he or she has against a particular defendant does not apply.

For these reasons, the motion for leave to amend, treated as a motion for leave to file a supplemental pleading, will be denied.

**B.    SERVICE ISSUES**

In the initial review order service was ordered on defendants Bowers and Freligh. The marshal attempted to serve them by mail at the locations given for them by plaintiff. The marshal has filed a form with the clerk showing that no response had been received six months after mailing service. The marshal will be ordered to perform personal service.

///

## CONCLUSION

Plaintiff's motion for leave to amend (document number 11 on the docket), treated as a motion to file a supplemental pleading, is **DENIED**.

The clerk shall reissue summonses to the two remaining defendants, Bowers and Freligh, and the marshal shall personally serve them at the Santa Rita County Jail. Because plaintiff has provided a star number for Ferligh and says that Bowers is a RN, it should be possible to identify them. The clerk shall provide a copy of this order to the marshal.

**IT IS SO ORDERED.**

Dated: March   6  , 2009.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\VANMATHIS3498.DENY AMEN.wpd